IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LORETTA KAYE PIERRE                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:10cv285-FKB

CHANDRA BERRYMAN-EVANS, et al.                                                 DEFENDANTS

MEMORANDUM OPINION

Plaintiff, a state inmate, brought this action pursuant to § 1983 alleging that she was given a Rules Violation Report (RVR) without being given the opportunity to appear at the disciplinary hearing.  As a result of the RVR, Plaintiff was confined in isolation for twenty days and lost other privileges.  A *Spears* hearing[1] has been held, and the parties have consented to jurisdiction by the undersigned.  Having considered the complaint and Pierre's testimony at the *Spears* hearing, the undersigned concludes that the complaint should be dismissed for failure to state a claim.

In order to state a viable claim for denial of procedural due process,  a prisoner must establish that he or she has been deprived of a constitutionally protected liberty interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Coleman v. Dretke*, 395 F.3d 216, 221 (5th Cir. 2004).  Generally, changes in custody status or confinement in segregation do not implicate a liberty interest.  *See Luken v. Scott*, 71 F.3d 192, 193 (1995).  An exception to this general rule exists where the change in custody status or placement in segregation results in conditions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   Plaintiff's punishment falls far short of this standard.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly, the Court concludes that Plaintiff has failed to state a cognizable constitutional claim.

For these reasons, Plaintiff's claims are hereby dismissed with prejudice for failure to state a claim. A separate judgment will be entered.

So ordered and adjudged, this the 27th day of July, 2011.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE